UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JAMES HAGGARD, | |
|---|---|
| Plaintiff, | |
| v. | CAUSE NO. 3:19CV159-PPS/MGG |
| JACKSON, et al., | |
| Defendants. | |

OPINION AND ORDER

James Haggard, a prisoner without a lawyer, filed a complaint against Dr. Jackson and Wexford Nursing, because he believes the care he has received for his right wrist while incarcerated at the Westville Correctional Facility was inadequate. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Haggard reports that, in July 2016, while he was housed at the Wabash Correctional Facility, he contracted a serious bone infection. ECF 1 at 2. He had emergency surgery to stop the infection from spreading throughout his body, however, the infection damaged his right wrist. *Id.* Haggard states he was supposed to return to

the orthopedic surgeon in March 2018 to have pins and plates put in his right wrist, but he was transferred to the Westville Correctional Facility before the appointment was made. *Id*. Once he arrived at Westville, he was told an appointment would be made with Dr. Jackson. *Id*. However, because that did not happen, he filled out a sick call slip to see Dr. Jackson. *Id*. Dr. Jackson examined Haggard's right wrist in July 2018, and told Haggard he did not need an appointment with the orthopedic surgeon because there was nothing wrong with his wrist. ECF 1 at 2. However, Haggard claims that since his July 2018 appointment, he has had a lot of pain and swelling in his wrist but Dr. Jackson has refused to schedule an appointment with his orthopedic surgeon. *Id*. at 2-3.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). However, "[n]egligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence does not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

However, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008). Accepting Haggard's allegations as true and giving him the benefit of the inferences to which he is entitled, as I must at this stage of the proceedings, he has alleged facts from which it can be inferred that Dr. Jackson was deliberately indifferent to his serious medical needs by refusing to provide Haggard with appropriate follow-up treatment for his wrist.

Haggard also names Wexford Nursing or Wexford of Indiana, the private company which provides medical care at the prison, as a defendant. While Haggard does not explicitly state why he has named Wexford Nursing as a defendant, it appears

3

he may be attempting to hold Wexford liable because it employs the prison's medical staff. However, Wexford is not vicariously liable for the actions of its employees under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) ("[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others civil rights."). Because Haggard's complaint against Wexford appears to be based only on Wexford's medical staff's decisions related to the care of his right wrist, I will dismiss Wexford as a defendant.

Haggard's complaint also includes a state law claim for medical malpractice against Dr. Jackson. ECF 1 at 3. Under Indiana law, medical malpractice claims are governed solely by the Indiana Medical Malpractice Act. *Jeffries v. Clark Mem'l Hosp.*, 832 N.E.2d 571, 573 (Ind. Ct. App. 2005). "Before a medical malpractice action may be commenced in any court of [Indiana], the Medical Malpractice Act requires that a proposed complaint be presented to a medical review panel and an opinion rendered by the panel." *H.D. v. BHC Meadows Hosp., Inc.*, 884 N.E.2d 849, 853 (Ind. Ct. App. 2008); Ind. Code § 34-18-8-4. Haggard offers no indication that he complied with the Indiana Medical Malpractice Act. Therefore, I cannot permit Haggard to proceed on his medical malpractice claim against Dr. Jackson.

ACCORDINGLY, the court:

(1) GRANTS James Haggard leave to proceed against Dr. Jackson in his individual capacity for compensatory and punitive damages for deliberate indifference

4

to his serious medical need for adequate follow-up treatment for his damaged right wrist, in violation of the Eighth Amendment;

(2) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Dr. Jackson at the Westville Correctional Facility with a copy of this order and the complaint, pursuant to 28 U.S.C. § 1915(d);

(3) DISMISSES Wexford Nursing;

(4) DISMISSES all other claims; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Jackson respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 21, 2019.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT